# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Delbert Stevens, | Civil Action No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Portfolio Recovery Associates, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## JURISDICTION AND VENUE

1. Plaintiff was notified that he was a class member of the *In re Portfolio Recovery Associates, LLC. Telephone Consumer Act Protection Act Litigation*, No. 11-MD-2295-JAH-BGS, before the United States District Court for the Southern District of California for being called by Portfolio Recovery Associates, LLC, using an autodialer or other predictive dialer without prior express consent between December 23, 2006, and July 1, 2013, inclusive.

2. Plaintiff timely opted out of the *In re Portfolio Recovery Associates, LLC. Telephone Consumer Act Protection Act*

*Litigation* class by submitting his opt out letter to the Settlement Administrator at In re Portfolio Recovery MDL TPCA Settlement, P.O. Box 43421, Providence, RI 02940-3421, on or about October 17, 2016.

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b), and 28 U.S.C. §§ 1331 and 1367 for pendent state law claims.

4. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Michigan Occupational Code, M.C.L. § 339.901 *et. seq.* ("MOC") by Defendant and its agents in their illegal efforts to collect one or more consumer debts from Plaintiff.

5. Venue is proper in this District because the acts and transactions occurred in Ionia County, Plaintiff resides in Ionia County, and Defendant transacts business in Ionia County.

## PARTIES

6. Plaintiff Delbert Stevens ("Mr. Stevens") is a natural person who resides in the County of Ionia, State of Michigan.

7. Mr. Stevens is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

8. Plaintiff is "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "debtor" as the term is defined by M.C.L. § 339.901(f).

10. Plaintiff is a "consumer" as the term is defined by M.C.L. § 339.901(f).

11. Plaintiff is a "person" as the term is defined by M.C.L. § 445.251(f).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant Portfolio Recovery Associates, LLC ("PRA") is and at all times mentioned herein, was a Delaware limited liability company, with its principal place of business located in Norfolk, Virginia, and with its registered agent being Corporation Service

Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

13. Defendant PRA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Defendant PRA is a "collection agency" as that term is defined by M.C.L. § 339.901(b).

15. Defendant PRA is not licensed by the State of Michigan to collect consumer debt in Michigan.

16. Defendant PRA uses one or more instrumentality of interstate commerce, or the mails, for which the principal purpose is the collection of debts.

17. Defendant PRA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. At all times relevant to this complaint, Defendant PRA was and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

19. Plaintiff incurred one or more financial obligations that were each primarily used for personal, family, or household purposes (the "Debt").

20. The Debt is therefore a "debt" as that term is defined by the FDCPA and MOC.

21. Sometime after the Debt was incurred, Plaintiff defaulted on the Debt.

22. After the Plaintiff defaulted on the Debt, one or more accounts were transferred, assigned, or otherwise placed with Defendant PRA for collection.

23. At all times relevant to this complaint, Defendant PRA has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

24. Defendant PRA at all times relevant to this complaint, engaged in "telecommunications" defined at 47 U.S.C. § 153(50).

25. Defendant PRA at all times relevant to this complaint, engaged in "interstate communications" at 47 U.S.C. § 153(28).

26. At all times relevant to this complaint, Defendant PRA has used, controlled, and/or operated "wire communications" as defined at 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

27. At all times relevant to this complaint, Defendant PRA has used, controlled, and/or operated "automatic telephone dialing systems" ("ATDS") as defined at 47 U.S.C. § 227(a)(1).

28. Plaintiff never gave Defendant PRA permission to call his cellular telephone.

29. Plaintiff never gave Defendant PRA permission to call any cellular telephone.

30. Plaintiff at no time provided "prior express consent" for PRA to place telephone calls to Plaintiff's cellular telephone with an ATDS or to use an artificial or prerecorded voice using as proscribed under 47 U.S.C. § 227 (b)(1)(A).

31. Plaintiff had not provided any cellular telephone number to PRA for the purpose of receiving calls from PRA.

32. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

33. Defendant did not have the prior express consent of Plaintiff to use an artificial or prerecorded voice when it called the Plaintiff's cellular telephone.

34. Plaintiff was not a customer of PRA.

35. Plaintiff had no "established business relationship" with PRA, as defined by 47 U.S.C. § 227 (a)(2).

36. During the relevant time period, Mr. Stevens received numerous calls from PRA, in which PRA used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(b)(1)(A).

37. During the relevant time period, Mr. Stevens received on his cellular telephone numerous calls from PRA, in which PRA used artificial or prerecorded voices.

38. During the relevant time period, Defendant PRA would leave pre-recorded messages on Plaintiff's cell phone.

39. During the relevant time period, Defendant PRA would transmit pre-recorded messages to Plaintiff's cell phone.

40. Plaintiff attempted to block the calls to his cell phone from PRA.

41. Plaintiff attempted to screen calls from PRA to his cellular telephone.

42. During the relevant time period, Defendant PRA would place calls where the caller ID shown on Plaintiff's phone would read different phone numbers that had not called Mr. Stevens in the past.

43. PRA failed to meaningfully disclose its identity by placing calls to Mr. Stevens from multiple caller IDs.

44. During the relevant time period, on many occasions, when Defendant PRA called Plaintiff's cell phone, when the Plaintiff answered, there would be a lengthy pause, then a live person would start speaking.

45. On several occasions, Mr. Stevens did inform Defendant PRA to stop calling altogether.

46. On several occasions, Mr. Stevens became upset when PRA called his cellular telephone.

47. On several occasions, Mr. Stevens did inform Defendant PRA to stop calling his cellular phone.

48. In response to Plaintiff's request to stop calling him, when Mr. Stevens would be able to speak to a human, PRA would say "we have a right to call you" or words to that effect.

49. During the relevant time period, PRA persisted in making phone calls to Plaintiff's cell phone, even after being asked to stop calling.

50. During the relevant time period, PRA made numerous calls to Plaintiff's cellular telephone using an ATDS after consent had been revoked by Mr. Stevens.

51. During the relevant time period, PRA made numerous calls to Plaintiff's cellular telephone using artificial or prerecorded voices after consent to be called had been revoked by Mr. Stevens.

52. The frequency of calls by PRA caused Plaintiff to change his cellular telephone number.

53. The frequency of calls by PRA caused Plaintiff to change cellular telephone service providers.

54. PRA indicated through its words and actions that PRA did not have to stop calling Plaintiff's cellular phone.

55. On many occasions, including within the relevant time period, when Defendant PRA called Plaintiff's cell phone, and when the Plaintiff answered, a recorded message played and then the call would disconnect.

56. On many occasions, including within the relevant time period, when Defendant PRA called Plaintiff's cell phone, and when the Plaintiff answered, there would be a lengthy pause, then a recorded message would play.

57. Some of the recorded messages from PRA would indicate that "this is an attempt to collect a debt" or words to that effect.

58. PRA called Mr. Stevens on cell phone numbers that were obtained by Portfolio Recovery Associates, LLC, after Mr. Stevens defaulted on the underlying accounts.

59. PRA called Mr. Stevens on cell phone numbers that were acquired after his relationship with the original creditors of the Debt had ended.

60. The ATDS used by PRA, at all relevant times, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

61. The ATDS used by PRA, at all relevant times, had the capacity to dial telephone numbers from a list of telephone numbers automatically and without human intervention.

62. The telephone numbers PRA called during the relevant time period were each assigned to a cellular telephone service for which Plaintiff incurred charges for its use.

63. Telephone calls made by PRA or its agents were in violation of 47 U.S.C. § 227 (b)(1).

64. Within the four year period applicable to this lawsuit, and without consent, Defendant PRA left pre-recorded voicemail messages on Plaintiff's cellular telephone.

65. Within the four year period applicable to this lawsuit, Defendant PRA, without consent, telephoned the Plaintiff's cellular

      telephone on numerous occasions using an automatic telephone dialing system.

66. Given the number of times Mr. Stevens asked PRA to stop calling his phone, PRA did actually know, or should have known, that its telephone calls were inconvenient.

67. PRA's calls to Mr. Stevens after being asked to stop calling were made with the intent to annoy, harass, or abuse Mr. Stevens.

68. As a direct, actual, and proximate result of the acts and omissions of Defendant, Plaintiff has suffered actual damages in the form of anger, anxiety, inability to make and receive calls when PRA was calling, loss of battery power, wear and tear on his cellular telephone, invasion of privacy, intrusion upon his seclusion, emotional distress, frustration, and upset along with other negative emotions.

## **TRIAL BY JURY**

69. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. Defendant made such calls willfully.

72. Defendant made such calls negligently.

73. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

74. Within the four year period relevant to this action, the Defendant made numerous calls to the Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

75. Within the four year period relevant to this action, the Defendant made numerous calls to the Plaintiff's cellular

telephone using an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

76. The acts and/or omissions of Defendant at all times material and relevant to this complaint, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

77. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff by Defendant.

78. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff by Defendant pursuant to 47 U.S.C. § 227(b)(3)(C).

79. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT II.
## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

82. Defendant violated 15 U.S.C. § 1692d.

83. Defendant violated 15 U.S.C. § 1692d(5).

84. Defendant violated 15 U.S.C. § 1692d(6).

85. Defendant violated 15 U.S.C. § 1692e.

86. Defendant violated 15 U.S.C. § 1692e(2)(A).

87. Defendant violated 15 U.S.C. § 1692e(5).

88. Defendant violated 15 U.S.C. § 1692e(10).

89. Defendant violated 15 U.S.C. § 1692f.

90. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT III.
## VIOLATIONS OF THE
## MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

91. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

92. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*, with respect to Plaintiff.

93. Defendant violated M.C.L. § 339.915(a).

94. Defendant violated M.C.L. § 339.915(e).

95. Defendant violated M.C.L. § 339.915(f)(i).

96. Defendant violated M.C.L. § 339.915(f)(ii).

97. Defendant violated M.C.L. § 339.915(n).

98. Defendant violated M.C.L. § 339.915(q).

99. As a result of Defendant's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff;

- for an injunction prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT II.
## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

# COUNT III.
# VIOLATIONS OF THE
# MICHIGAN OCCUPATIONAL CODE
# M.C.L. § 339.901 *et seq.*

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

                Respectfully submitted,

                GOLDEN LAW OFFICES, P.C.

Dated: November 28, 2016

                /s/ B. Thomas Golden
                B. Thomas Golden (P70822)
                Attorney for the Plaintiff
                2186 West Main Street
                P.O. Box 9
                Lowell, Michigan 49331
                Telephone: (616) 897-2900
                Facsimile: (616) 897-2907
                btg@bthomasgolden.com